UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUAN OLAYA,

    Plaintiff,                    Case No. 2:23-CV-12975
                                    HONORABLE JONATHAN J.C. GREY
                                    UNITED STATES DISTRICT COURT JUDGE

WARDEN, FCI MILAN, ET. AL.,

    Defendants,
_____/

**ORDER REQUIRING SIGNED CERTIFICATION OF INMATE'S TRUST ACCOUNT FROM AUTHORIZED PRISON OFFICIAL AND A CURRENT COMPUTERIZED TRUST FUND STATEMENT OF ACCOUNT**

Before the Court is Plaintiff Juan Olaya's civil rights complaint. Plaintiff is a federal inmate currently incarcerated at the Coleman I United States Penitentiary in Coleman, Florida. For the reasons stated below, plaintiff is ordered to provide a signed certification of his trust account from an authorized prison official and a current computerized trust fund account showing the history of the financial transactions in plaintiff's institutional trust fund account for the past six months within thirty days of this Court's Order. In the alternative, plaintiff shall pay the $ 350.00 dollar filing fee and the $ 52.00 administrative fee within thirty days of the order.

28 U.S.C. § 1915(a)(2) requires a prisoner who wishes to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement for that prisoner for the six month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. *See also McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997).

1

Although plaintiff has submitted an application to proceed without prepayment of fees, the application does not include a certified trust account statement or a current computerized trust fund statement of account showing the history of the financial transactions in his institutional trust fund account for the past six months. Plaintiff's complaint is deficient because he failed to provide the Court with a certified account statement as well as copy of his computerized prison trust fund account for the past six months. *See Davis v. United States,* 73 F. App'x. 804, 805 (6th Cir. 2003).

If an inmate who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. *McGore v. Wrigglesworth*, 114 F. 3d at 605. If the inmate fails to comply with the district court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." *Id.* The district court must then order that the case be dismissed for want of prosecution. *Id.*

Accordingly, unless plaintiff chooses to pay the filing fee of $ 350.00, plus the $ 52.00 administrative fee in full, the Court **ORDERS** him to provide a financial certificate signed by plaintiff's custodian or designee and a current computerized trust fund statement of account showing the history of the financial transactions in plaintiff's institutional trust fund account for the last six months. If plaintiff does not provide the requested information to the United States District Court within **thirty (30) days** of the date of this Order, his complaint shall be **DISMISSED.**

                s/David. R. Grand  
                HON. DAVID R. GRAND  
                UNITED STATES MAGISTRATE JUDGE  

Dated: November 28, 2023

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on

                                                        s/N. Ahmed  
                                                       Deputy Clerk

Dated: November 28, 2023